[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12859
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60277-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN EDWARD MCKENNIE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2020)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Glenn McKennie appeals his 39-month sentence for knowingly making a false statement to a federally-licensed firearms dealer.  He asserts that (1) he should have received probation or home confinement, and (2) that his sentence is unreasonable and he should have received a lesser sentence based on his history and characteristics and the seriousness of his offense.  After review,[1] we affirm the district court.

## I.  DISCUSSION

### A.  *Probation or Home Confinement*

McKennie did not qualify for probation or home confinement under the Guidelines because his offense level of 17 and criminal history category of V falls in Zone D.  U.S.S.G. Sentencing Table & § 5B1.1, comment. (n.2) (providing probation is not available where a defendant's Guidelines range falls in Zone D of the Sentencing Table).  Thus, the district court could not have imposed a sentence of probation or home confinement.

### B.  *Lesser Sentence*

On substantive reasonableness review, we may vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence

---

[1]  We review the substantive reasonableness of a sentence under an abuse of discretion standard, taking into account the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

2

that lies outside the range of reasonable sentences dictated by the facts of the case."

*United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations

omitted).  It is the defendant's burden to show the unreasonableness of his sentence

in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Keene*,

470 F.3d 1347, 1350 (11th Cir. 2006).

The district court must impose a sentence that is "sufficient, but not greater

than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2),

which include the need to reflect the seriousness of the offense, promote respect

for the law, provide just punishment, afford adequate deterrence, protect the public,

and provide the defendant with appropriate medical care or other correctional

treatment.  18 U.S.C. § 3553(a)(2).  The district court must also consider the

"nature and circumstances" of the offense and the defendant's "history and

characteristics."  *Id.* § 3553(a)(1).  The statute also directs the district court to

consider the types of sentences established by the applicable Guidelines range and

the need to avoid unwarranted sentencing disparities between similarly situated

defendants.  *Id.* § 3553(a)(4), (6).  The weight each § 3553(a) factor receives is a

matter within the sound discretion of the district court.  *United States v. Williams*,

526 F.3d 1312, 1322 (11th Cir. 2008).

McKennie has not shown his sentence is substantively unreasonable.  The

district court indicated it had considered all of the facts and circumstances, as well

3

as the § 3553(a) factors, in crafting McKennie's sentence.  18 U.S.C. § 3553(a).  In particular, the district court noted that describing McKennie's extensive criminal record took up 15 of the Presentence Investigation Report's 31 pages and expressed concern that nothing had deterred him from engaging in criminal conduct.  *See Williams*, 526 F.3d at 1324 (stating a defendant's criminal history fits "squarely" into the § 3553(a) category that requires the district court to consider the history and characteristics of the defendant).

The district court also demonstrated it had considered McKennie's need for mental health treatment by asking McKennie to talk about his mental issues and imposing treatment as a condition of supervised release.  Further, there is no indication the district court failed to consider any relevant § 3553(a) factor, inappropriately relied on any factor, or relied on any improper factor.  *See Irey*, 612 F.3d at 1189 (stating a district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors"); *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (explaining the district court need not explicitly state on the record that it has considered each § 3553(a) sentencing factor or discuss each factor, and its consideration of the factors may be inferred from the record).  That McKennie's

sentence is well below both the statutory maximum and his Guidelines range also suggests that it reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) (explaining that a sentence falls well below the statutory maximum is an indicator of reasonableness); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating while we do not presume that a within-Guidelines sentence is reasonable, we typically expect such a sentence to be reasonable).

## II.  CONCLUSION

McKennie did not qualify for probation or home confinement.  Additionally, his 39-month sentence is reasonable.  Accordingly, we affirm McKennie's sentence.

**AFFIRMED.**